IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| BOBBY SNIPES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ABILITY RECOVERY ) <br> SERVICES, LLC, and ) <br> WALDEN UNIVERSITY, LLC, ) <br> ) <br> Defendants. ) | Civil Action No.: 1:25-cv-414 |

## COMPLAINT

1. This is an action for damages brought by consumer, Bobby Snipes, against Defendant for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.* and the North Carolina Unfair and Deceptive Trade Practices Act.

## THE PARTIES

2. Plaintiff Bobby Snipes is an adult individual who is a resident of Greensboro, North Carolina.

3. Defendant Ability Recovery Services, LLC, (hereafter "ARS") is a debt collector that regularly conducts business in the Middle District of North Carolina and that is incorporated in Pennsylvania.

4. Defendant Walden University LLC (hereafter "Walden") is an online university that conducts business in the Middle District of North Carolina and that is incorporated in Florida.

## JURISDICTION & VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

1

## FACTUAL ALLEGATIONS

7. In or about spring 2019, the Plaintiff submitted an online application to Walden University LLC to study Public Health.

8. Plaintiff changed his mind and decided to attend Southern New Hampshire University online instead.

9. Plaintiff never enrolled in classes at Walden University.

10. Plaintiff never attended classes at Walden University.

11. Thereafter, Walden began attempting to collect a debt from Plaintiff in the amount of $6,240.00.

12. Walden placed the account for collection with ARS.

13. ARS reported to the credit reporting agencies that Plaintiff owed $6,240.00 for a debt that originated with Walden University.

14. This was false and inaccurate.

15. Plaintiff was not willfully refusing to pay a just debt.

16. Plaintiff made attempts to contact the Defendant to get the amount corrected, but Defendant refused to help the Plaintiff.

17. The Defendant ARS continued to report on Plaintiff's credit report that he owed a debt to a collection agency.

18. This reporting was false.

19. Defendants unfairly held Plaintiff's credit hostage to coerce him to pay a debt that he did not owe.

20. Even if Plaintiff had owed a legitimate debt to Walden, the alleged debt would have

been discharged due to Borrower Defense to Repayment discharge based on the *Sweet v. Cardona* class action settlement.  https://studentaid.gov/announcements-events/sweet-settlement

21. Plaintiff made multiple disputes to the credit reporting agencies, including online to Equifax on December 1, 2023, December 7, 2023, September 19, 2024, and September 28, 2024.

22. Equifax repeatedly verified that the inaccurate account belonged to Plaintiff.

23. Plaintiff requested that ARS verify the alleged debt and its basis for alleging that he was indebted to Walden in November 2024.

24. ARS responded on December 5, 2024 with Plaintiff's online application to attend school.  [Exhibit 1]

25. Nowhere on this debt validation response did Plaintiff agree to be indebted in any amount.

26. Further, ARS noted that the account was opened in May 2021.

27. This account open date is over two years after Plaintiff applied.

28. Plaintiff did not attend Walden University in May 2021 or any time thereafter.

29. In addition to his online disputes, Plaintiff mailed disputes to Experian, Equifax, and TransUnion in January 2025.

30. Upon information and belief, the credit reporting agencies relayed the credit report dispute to ARS, as is standard practice in the credit reporting business and is required by contract.

31. Defendant ARS verified the accuracy of the credit reporting to the credit reporting agencies, thus locking in the damage to Plaintiff's credit.

32. ARS never contacted Plaintiff regarding his dispute.

33. Upon information and belief, ARS did not conduct any investigation into Plaintiff's

3

dispute other than to verify his account identifying information.

34. Upon information and belief, ARS did not reasonably investigate Plaintiff's dispute.

35. As a result of the Defendants' conduct, Plaintiff has been unable to obtain a mortgage loan on a property he was interested in.

36. One mortgage lender listed the "Collection Filed" as a key factor in denying the application based on reports from Equifax and Trans Union.

37. ARS was the only collection account reported on Plaintiff's credit.

38. Defendant ARS has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

39. The inaccurate information includes, but is not limited to, an account with Walden which Plaintiff does not owe.

40. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that contain derogatory information.

41. Notwithstanding Plaintiff's efforts, Defendant ARS has failed to conduct reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agency concerning Plaintiff's dispute, has willfully continued to report such inaccurate information to various credit reporting agencies, and has continued to attempt to collect monies from the Plaintiff regarding the inaccurate information by the aforementioned conduct.

42. Despite Plaintiff's exhaustive efforts to date, Defendant ARS has nonetheless deliberately, willfully, intentionally, recklessly, negligently, and repeatedly failed to perform

reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, and have continued to report the derogatory inaccurate information about the Plaintiff.

43. Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit opportunities, known and unknown.

44. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to his credit reputation and credit score, and emotional distress.

45. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision and control of the Defendants herein.

46. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### a. ARS
### COUNT I – VIOLATIONS OF THE FCRA

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. At all times pertinent hereto, Defendant ARS is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

49. Defendant ARS violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant

to 15 U.S.C. § 1681s-2(b).

50. Defendant ARS's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages, and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant ARS is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;

(b) Actual damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and the costs of this litigation;

(e) Pre-judgment and post-judgment interest at the legal rate;

(f) Appropriate equitable relief, including the correction of Plaintiff's credit reports; and

(g) Such other relief as the Court deems equitable, just, and proper.

## COUNT II – FDCPA TIME BARRED DEBT

51. Plaintiff incorporates all of the preceding paragraphs by reference.

52. Plaintiff submitted an online application to attend Walden University in 2019.

53. Defendant ARS represented that the alleged account was opened in May 2021.

54. North Carolina General Statutes 1-52(1) sets the statute of limitations to make a claim at three (3) years.

55. Even if Plaintiff owed the alleged debt, ARS failed to disclose in a communication with Plaintiff that the debt was beyond the statute of limitations and that ARS could not sue him to collect the account.

56. Chapter 15 U.S.C. §1692e states the debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

57. The Defendants violated Chapter 15 U.S.C. §1692e by:

(a) Falsely representing the legal status of a debt in violation of 15 U.S.C. §1692e(2)(A)[1], §1692e(5)[2] and §1692e(10)[3] by failing to advise the Plaintiff that ARS was legally entitled to collect the debt and not barred by the statute of limitations.

58. The Defendants violated Chapter 15 U.S.C. §1692e(2)(A) by making "[t]he false representation of the character, amount, or legal status of any debt" because Plaintiff did not owe any amount.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FDCPA;

(b) Actual damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and the costs of this litigation;

(e) Pre-judgment and post-judgment interest at the legal rate;

(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and

(g) Such other relief as the Court deems equitable, just, and proper.

**COUNT III – VIOLATIONS OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT NCGS CHAPTER 75**

59. Plaintiff incorporates all of the preceding paragraphs by reference.

---

[1] "The false representation of the character, amount, or legal status of any debt".
[2] "The threat to take any action that cannot legally be taken or that is not intended to be taken."
[3] "The use of any false representation or deceptive means to collect or attempt to collect any debt…"

60. Defendant ARS is the debt collecting agent of Walden University.

61. Plaintiff never attended Walden University or incurred any costs.

62. Nonetheless, Walden misrepresented that Plaintiff owed it $6,240.

63. Walden placed Plaintiff's alleged account with its agent, ARS.

64. It is a deceptive representation in violation of NCGS 75-54(4) to try to force Plaintiff to pay for a debt that he does not owe, and that Defendants cannot verify.

65. It is an unfair and deceptive act in violation of NCGS 75-55 to attempt to collect a debt from Plaintiff without informing Plaintiff that the debt is beyond the statute of limitations for the debt collector to sue the Plaintiff.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of Chapter 75;

(b) Actual damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and the costs of this litigation;

(e) Pre-judgment and post-judgment interest at the legal rate;

(f) Appropriate equitable relief, including the correction of Plaintiff's credit report and score; and

(g) Such other relief as the Court deems equitable, just, and proper.

### COUNT IV – JOINT VENTURE

66. The Plaintiff incorporates the preceding paragraphs by reference.

67. Each Defendant had an agreement, either written, oral, constructive, or otherwise, for a single business enterprise, that is collection of debt at issue in this case.

68. Each Defendant shared in the profits and/or losses of the single business enterprise.

69. The Defendants combined their money, skill, and/or knowledge to carry out this single business

enterprise.

70. Each of the acts of the Defendants were done in furtherance of a joint venture in which each of the acts of the Defendants were pursued with a joint purpose, and each of the acts of one is the act of the others.

71. The Defendant school exercised a degree of control over the remaining Defendant in carrying out the single business enterprise.

72. At all times relevant hereto, the acts of Defendant dealer were done as agent for the Defendant lender and assignee. Each of the Defendants' acts were conducted as a part of the principal-agency relationship between the Defendants.

**WHEREFORE**, Plaintiff respectfully requests that the Court declare Defendants jointly and severally liable for the claims asserted by Plaintiff.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

**Plaintiff,
Bobby Snipes,
By Counsel**

**/s/ Benjamin M. Sheridan**
Benjamin M. Sheridan (# 52734)
Jed R. Nolan (# 56899)
*Counsel for Plaintiff*
Klein & Sheridan, LC PC

Mailing Address:
964 High House Rd. PMB 2039
Cary, NC  27513

Physical Office:
2500 Regency Parkway
Cary, NC  27518

9

ben@kleinsheridan.com
jed@kleinsheridan.com
phone: (919) 899-9533
fax: (304) 562-7115